IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **Janice Hughes Barnes, Individually and** § <br> **as a Representative of The Estate of** § <br> **Ashtian Barnes, Deceased; and Tommy** § <br> **Duane Barnes** § <br> *Plaintiffs* § <br> § <br> VS. § <br> § <br> **Roberto Felix, Jr.** § <br> **And the County of Harris, Texas** § <br> *Defendants.* § | C.A. NO.: 4:18-CV-00725 |

**PLAINTIFFS' MOTION TO COMPEL RESPONSE TO SUBPOENA**

COMES NOW Plaintiffs, Janice Hughes Barnes and Tommy Duane Barnes, and respectfully request this Court to compel Harris County District Attorney to respond to a Subpoena and would show the following:

**I. Background**

1.1   This case involves an incident on April 26, 2016 where Ashtian Barnes was shot and killed by Defendant, Roberto Felix, Jr. (hereinafter "Felix"), on the Sam Houston Tollway in Houston, Texas following a routine traffic stop relating to several toll tag violations. While the incident was recorded by a dash cam video in Officer Felix's vehicle, much of the details of the interaction between Felix and Ashtian Barnes cannot be clearly determined through the dash cam video alone. As such, the only living witness to the incident is Officer Felix himself.

1.2   The incident was investigated by the Houston Police Department, and brought before a Grand Jury by the Harris County District Attorney office. As part of the

investigation, Officer Felix made a recorded verbal statement and another sworn statement, which was signed and notarized on April 28, 2016.[1] Felix then later testified under oath before a grand jury relating to the same incident. Plaintiffs have recently taken the deposition of Officer Felix on February 18, 2019. In Felix's deposition, he testified regarding much of the same facts outlined in his witness statement, however Felix curiously changes or otherwise adds numerous key facts and explanations that were not in his previous recorded statement and sworn witness statement. Notably, Felix testified in his sworn statement that during the traffic stop, Ashtian Barnes was shuffling through papers and reached over into the passenger side of the vehicle. However, in Felix's deposition he testified that Ashtian not only reached over to the passenger side, but was also reaching under the driver side seat. This added information is significant, as a handgun was later found under the driver side seat long after the incident occurred. Officer Felix was not aware of the presence of the handgun at the time he made his original statement (and presumably when he testified before the grand jury), but had full knowledge at the time of his deposition. Felix curiously added critical information about the incident only after learning of facts which he had no knowledge until well after the incident occurred and after he testified to the grand jury.

1.3   Following Felix's deposition, Plaintiff served a Subpoena to the Harris County District Attorney office seeking the Grand Jury Testimony of Roberto Felix Jr.[2] The

---

[1]  *See* Exhibit A, Witness Statement, Roberto Felix.

[2]  *See* Exhibit B, Subpoena to HCDA.

Harris County District Attorney office responded by refusing to provide Roberto Felix's grand jury testimony citing grand jury secrecy, and stated that it would only provide said testimony upon an order from a district court. Accordingly, Plaintiffs now bring said Motion to Compel seeking Harris County District Attorney to produce the grand jury testimony of Roberto Felix.

## II. Argument

2.1  Generally, grand jury testimony is considered secret and not to be disclosed to the general public.[3] However, grand jury testimony may be properly disclosed in a civil case through discovery under certain circumstances.[4] While courts across the country have adopted different standards for the release of Grand Jury testimony, the Fifth Circuit requires that a party seeking Grand Jury Testimony show a "particularized need" to gain access to that testimony.[5] It is at the discretion of the court to disclose grand jury information upon a finding of a particularized need.[6] It is long standing law that use of a grand jury transcript "to impeach a witness, to refresh his recollection, and to test his credibility and the like" are sufficient to show a "particularized need" as required for this court to order disclosure.[7]

---

[3] *U. S. v. Procter & Gamble Co.*, 356 U.S. 677, 683 (1958).

[4] Id.

[5] *State of Tex. v. U.S. Steel Corp.*, 546 F.2d 626 (5th Cir. 1977).

[6] Id. "A court may issue an order under paragraph (1) at any time during or after the completion of the investigation of the grand jury, upon a finding of a substantial need." 18 U.S.C.A. § 3322 (West).

[7] *U. S. v. Procter & Gamble Co.*, 356 U.S. 677, 683 (1958).

2.2     In this case, Plaintiffs seek the grand jury testimony of Defendant who is the one and only living witness to the incident. Felix testified, in his deposition, to new and important details regarding his interaction with Ashtian Barnes which where remarkedly different from the testimony he provided immediately after the incident occurred. This testimony was given before he had full knowledge of the details of the Houston Police Department investigation, including that a handgun was found underneath the driver seat. Felix also testified before the grand jury before he had been made fully aware of the facts of the investigation. Given Felix's already clear contradictions from his prior testimony, it is essential for Plaintiff to obtain the grand jury transcript to impeach, refresh his recollection, or test the credibility of Felix's testimony at trial. His grand jury testimony clearly falls within the requirement of showing a "particularized need" as determined by the long standing holding of the US Supreme Court. Accordingly, this court should order that the Harris County District Attorney produce the grand jury testimony of Roberto Felix.

## IV. Conclusion

4.1     For these reasons, Plaintiffs respectfully request the Court to compel Harris County District Attorney Office to serve the grand jury testimony with respect to Plaintiffs' Subpoena for records and any such relief as allowed by law.

Respectfully submitted,

**FOMBY & FOMBY LLC.**

/s/ Adam Fomby
Adam W. Fomby
State Bar No.  24083006
Howard R. Fomby
State Bar No. 24069725
440 Louisiana Street, Suite 900
Houston, Texas 77002
(281) 846-4229 Telephone
(888) 588-4925 Facsimile
adam@fombylaw.com
hfomby@fombylaw.com
ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

 I hereby certify that a true and correct copy of the above and foregoing document has been served on each attorney of record electronically on this 27th day of March 2019.

/s/ Adam Fomby  
Adam Fomby
