IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Janice Hughes Barnes, Individually and § | | |
| as a Representative of The Estate of § | | |
| Ashtian Barnes, Deceased; and Tommy § | | |
| Duane Barnes § | | |
| *Plaintiffs* § | | |
| § | | |
| VS. § | C.A. NO.: 4:18-CV-00725 | |
| § | | |
| Roberto Felix, Jr. § | | |
| And the County of Harris, Texas § | | |
| *Defendants.* § | | |

## PLAINTIFFS' MOTION TO STRIKE

COMES NOW Plaintiffs, Janice Hughes Barnes and Tommy Duane Barnes, files this Motion to Strike and respectfully request this Court to strike the affidavit attached to Defendants' Summary Judgment labeled as Exhibit 6 and would show the following:

In support of its Motion for Summary Judgment, Defendants attached "Exhibit 6" which is an affidavit of Maria Mora ("Ms. Mora"). The affidavit essentially outlines Ms. Mora's personal reactions to the incident as viewed from a video shown from a Beltway Camera video camera (which is placed far above the freeway). She did not personally witness any events other than what was seen through the video camera. The sole cite from the exhibit in Defendants Motion for Summary Judgment was intending to show that "She believed Deputy Felix might be killed by being run over by the vehicle."[1] However, this evidence is not competent Summary Judgment

---

[1] *See* Def. Motion for Summary Judgment p. 18-19.

evidence, and Plaintiffs hereby object to this Exhibit as it violates the Best Evidence Rule, and is irrelevant.

Under Federal Rule of Civil Procedure 56, an affidavit attached in support of a Motion for Summary Judgment must "set out facts that would be admissible in evidence."[2] The affidavit of Mira Mora contains facts which are not otherwise admissible in evidence. The vast majority of Ms. Mora's testimony is regarding her reaction to a toll way camera of the incident. However, not only did Defendant fail to attach this video as evidence, but the dash cam video provides a more accurate view of the facts as they unfolded. Under the Best Evidence Rule, an affidavit which merely describes the contents of a video contravenes the best evidence rule.[3] "The elementary wisdom of the best evidence rule rests on the fact that the [recording itself] is a more reliable, complete and accurate source of information as to its contents and meaning than anyone's description [of it]." [4] Because her testimony is largely her description and reaction to a video of the incident, that testimony is inadmissible. Further, it is unclear how this testimony has any relevance to the facts of this case, especially in light of the fact that the dash cam video provides a much clearer, and accurate depiction of the incident. Further, it is important to note she was not able to hear any of the interaction between Officer Felix and Ashtian Barnes. Because the testimony of Mira Mora violates the Best Evidence Rule and is irrelevant to the case it should be struck as incompetent evidence.

---

[2] Fed. R. Civ. P. 56 (c)(4)
[3] Buruca v. D.C., 902 F. Supp. 2d 75, 82 (D.D.C. 2012)
[4] Id (citing Gordon v. United States, 420, 73 S.Ct. 369 (1953)).

## IV. Conclusion

4.1 For these reasons, Plaintiffs respectfully request the Court strike Exhibit 6 attached to Defendants' Motion for Summary Judgment and any such relief as allowed by law.

Respectfully submitted,

**FOMBY & FOMBY LLC.**

/s/ Adam Fomby_____
Adam W. Fomby
State Bar No. 24083006
Howard R. Fomby
State Bar No. 24069725
440 Louisiana Street, Suite 900
Houston, Texas 77002
(281) 846-4229 Telephone
(888) 588-4925 Facsimile
adam@fombylaw.com
hfomby@fombylaw.com
ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on each attorney of record electronically on this 27th day of August 2019.

/s/ Adam Fomby
Adam Fomby