IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **Janice Hughes Barnes, Individually and as a Representative of The Estate of Ashtian Barnes, Deceased; and Tommy Duane Barnes** § § § § § §  *Plaintiffs* § § VS. § **Roberto Felix, Jr.** § **And the County of Harris, Texas** § *Defendants.* § § § | C.A. NO.: 4:18-CV-00725 |

## PLAINTIFFS' MOTION FOR SANCTIONS

COMES NOW Plaintiffs, Janice Hughes Barnes and Tommy Duane Barnes, and respectfully request this Court to order Sanctions against Harris County as a result of their abuse of the discovery process. Specifically, in response to this Court's request for further briefing as to the specific policies of the Constable regarding fleeing suspects, Defendants responded by producing a new policy which was never disclosed in discovery, despite explicit discovery questions regarding this exact issue. In support of Plaintiffs' Motion for Sanctions, Plaintiff would show the following:

1.1     This case involves an incident on April 26, 2016 where Ashtian Barnes was shot and killed by Defendant, Roberto Felix, Jr. (hereinafter "Felix"), on the Sam Houston Tollway in Houston, Texas following a routine traffic stop relating to several toll tag violations. Plaintiffs filed the underlying case against Officer Felix and against Harris County relating to their liability under the auspices of *Monell* and its progeny. Plaintiffs' have since conducted significant discovery including written

requests for production and interrogatories, as well as the deposition of five separate witnesses, including a corporate representative for Constable Precinct Five. Discovery on this case ended on June 4, 2019.

1.2     On July 30, 2019, Defendants Roberto Felix and Harris County filed a Motion for Summary Judgement claiming that these parties are not liable for the unlawful killing of Ashtian Barnes. After responses and replies were filed, oral argument on this Motion was heard on January 24, 2020. At that hearing, one of the primary issues discussed by counsel and this Court was the existence or nonexistence of a policy by Constable Precinct Five regarding fleeing suspects, and whether that policy had been addressed in the underlying case. This Court requested additional briefing regarding the existence of such a policy regarding fleeing suspect, and evidence of any discussion of said policy in the underlying evidence filed with the court.

1.3     On February 4, 2020, Defendants Roberto Felix and Harris County filed their supplemental brief addressing the policy regarding fleeing suspects. Attached to that brief, Defendants submitted a new written policy which had not previously been produced in discovery, and about which the existence of said policy was never previously disclosed, despite Plaintiffs' express discovery requests regarding said policy. Specifically, Plaintiffs made the following interrogatory request to Defendants:[1]

---

[1] *See* Exhibit A, attached.

4. Identify and explain your policies, procedures, and practices relating to the actions by an officer/constable in response to a fleeing suspect. This question refers to any relevant policy regardless of whether that is in relation to a routine traffic offense or a greater criminal offense. This includes but is not limited to: training materials; in-person training such as classes, certifications, and continuing training; supervision of officers relating to use of force; and any other written or non-written policy, procedure, or practice.

RESPONSE: Harris County objects to this Interrogatory to the extent it assumes facts not in evidence, *i.e.*, that Harris County itself has policies, procedures, or practices with regard to the use of force against a fleeing suspect by a deputy constable. Harris County objects to this Interrogatory as vague, ambiguous and overly broad. Subject to and without waiving these objections, Harris County refers to Plaintiffs to the Harris County Constable Precinct 5 Use of Force and Deadly Force policy which is attached hereto as *Bates numbers HC/BARNES-631-639*.

1.4 Plaintiffs expressly requested that Harris County respond to the existence of "policies, procedures, and practices" relating to a fleeing suspect. Curiously, Defendant responded by objecting that the question "assumes" the existence of such a relevant policy, and by further referring to Harris County Constable Precinct Five's Use of Force Policy. What is missing from Defendant's response is any reference to or production of Standard Operating Procedure 200/1.31, which is the exact policy and/or procedure addressing how a constable should act regarding a fleeing suspect. It is clear that Defendants have intentionally withheld evidence in an attempt to thwart the discovery process, as only when directly questioned by this court was Harris County ever willing to produce this highly pertinent policy, or even for that matter acknowledge the mere existence of this policy.

1.5 The failure of Defendants to respond to Plaintiffs' clear and unequivocal discovery requests has caused significant harm to Plaintiffs. The existence of this policy was not disclosed and produced prior to the discovery deadline, nor prior to the

deadline for Plaintiffs' responses with corresponding evidence to Defendant's Motion for Summary Judgment. Plaintiffs were not able to discuss this policy in depositions nor discover additional related evidence which would be relevant to this case. Of more specific concern is: 1) why was this policy apparently never once considered or addressed in the Internal Investigation Report; and 2) because this policy was not considered, is it in fact the actual policy of Precinct Five? It is of further concern to Plaintiffs that Defendants may have failed to disclose an untold number of other, additional documents and policies, given their unwillingness to disclose this clearly relevant policy until challenged by this Court.

1.6     As a result of Defendants' Failure to Disclose this highly relevant information, it is appropriate for this Court to 1) make an order for payment of reasonable expenses and attorney fees caused by the failure; 2) inform the jury of the party's failure; and 3) impose other appropriate sanctions as determined by the court.  Fed. R. Civ. P. 37(c)(2). Accordingly, Plaintiffs request that this Court order appropriate sanctions against Defendants as a result of their abuse of the discovery process. Plaintiffs further request that this Court extend the current discovery deadline to allow Plaintiffs to retake the depositions of Roberto Felix and the two witnesses designated by Harris County as corporate representatives for the County and the Constable's Office, and in the process granting all attorney fees and costs associated with those additional depositions. Plaintiffs further seek this additional time for discovery to discover *all* of Harris County Constable Precinct Five "Procedures" as well as any additional information which may have been otherwise heretofore

undisclosed by Defendants. These sanctions will allow Plaintiffs an appropriate opportunity to address the issues arising from Defendant's Failure to Disclose.

Respectfully submitted,

**FOMBY & FOMBY LLC.**

/s/ Adam Fomby_____
Adam W. Fomby
State Bar No.  24083006
Howard R. Fomby
State Bar No. 24069725
440 Louisiana Street, Suite 900
Houston, Texas 77002
(281) 846-4229 Telephone
(888) 588-4925 Facsimile
adam@fombylaw.com
hfomby@fombylaw.com
ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the above and foregoing document has been served on each attorney of record electronically on this 11th day of February 2019.

    /s/ Adam Fomby
    Adam Fomby