United States District Court
Southern District of Texas
**ENTERED**
July 12, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JANICE HUGHES BARNES, *et al.*, | § § § | |
| Plaintiffs, | § § | |
| VS. | § § | CIVIL ACTION NO. 4:18-CV-00725 |
| ROBERTO FELIX, JR., *et al.*, | § § § | |
| Defendants. | § | |

## ORDER

Before the Court are thirteen motions filed by Plaintiff Tommy Duane Barnes: Motion Subpoena A Graph (Doc. #78), Motion to Inform Court (Doc. #83), Motion to Intervene (Doc. #89), Motion for Clarification (Doc. #91), Motion for Discovery (Doc. #93), Motion for Extension of Time to Allow Time for Necessary Documents (Doc. #96), Motion Reopen Criminal Investigation on Robert Felix, Jr (Doc. #101), Motion to Make Ashtian Gray Barnes Sole Beneficiary (Doc. #102), Motion for Discovery (Doc. #104), Motion for Hearing on Pending Motions (Doc. #105), Motion Move in Favor of States Relief on the Following Paragraphs Ex Parte (Doc. #111), Motion to Depose Roberto Felix, Jr. (Doc. #113), and Motion to be Removed from the Lopez Unit (Doc. #124).

This case arises from a traffic stop by Officer Roberto Felix, Jr. ("Defendant Felix") that ended in Defendant Felix fatally shooting Ashtian Barnes, the driver of the stopped vehicle and the son of Plaintiffs Janice Hughes Barnes ("Mrs. Barnes") and Tommy Duane Barnes ("Mr. Barnes"). The only claim before the Court is Plaintiffs' Section 1983 excessive force claim. Doc. #82. Ms. Barnes is represented by Adam Fomby, Howard Fomby, and the Texas Civil Rights

Project. The same counsel initially represented Mr. Barnes as well. However, at a February 15, 2022 motion hearing, the Court granted Mr. Barnes' motion to dismiss said counsel and represent himself pro se. Doc. #81. Mr. Barnes is currently incarcerated at the Texas Department of Criminal Justice Lopez Unit. Doc. #124.

Many of Mr. Barnes' motions seek relief beyond the scope of the excessive force claim before this Court. *See* Doc. #83[1] (asking the Court to "investigate this motion by a source outside of the Texas jurisdiction and above the FBI" and "remove his plea in evading arrest charge in Jackson County"), Doc. #89 (asking the Court to intervene in the assault/bodily force charges brought against Mr. Barnes in 2018), Doc. #91 (seeking a divorce from Mrs. Barnes), Doc. #96 (asking the Court to move him from a state detention facility to a federal detention facility), Doc. #101 (asking the Court to reopen the criminal investigation into Defendant Felix), Doc. #102 (asking that Mr. Barnes' granddaughter be the sole beneficiary of any interests he has in this case), and Doc. #124 (seeking to forfeit his United States citizenship and obtain residency outside of the United States). Because the only matter before the Court is Plaintiffs' Section 1983 excessive force claim regarding the traffic stop that resulted in Ashtian Barnes' death, the Court denies said motions.

Mr. Barnes also filed numerous motions requesting various types of discovery, including an opportunity to subpoena and depose Defendant Felix and a copy of all documents his previous counsel obtained while representing him. Docs. #78, #93, #104, #111, and #113. The discovery deadline in this case was June 4, 2019. Doc. #10 at 1; Doc. #109. Mr. Barnes has not moved to extend said deadline nor has he offered any specific reasons why the discovery completed by his

---

[1] Mr. Barnes' Motion to Inform the Court also asks the Court to "create a main line of communication between courts and he." Doc. #83 at 10. Mr. Barnes may file any communications he wishes to have with the Court on the record like all other parties.

previous counsel, including the deposition of Defendant Felix, is insufficient. Rather, Mr. Barnes only states that he requests an opportunity to complete this discovery on his own now that he is proceedings pro se. Because Mr. Barnes has failed to show good cause for extending the June 4, 2019 discovery deadline more than three years later, the Court denies Mr. Barnes' discovery motions. *See* FED. R. CIV. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). However, to the extent Mr. Barnes' previous counsel has not sent him a complete copy of his case file, they are hereby ordered to do so within 14 days from the entry of this Order and file a notice of compliance once they have done so.

Finally, in light of the Court's ruling on all other motions filed by Mr. Barnes, Mr. Barnes' motion for a hearing on pending motions is denied as moot.

For the foregoing reasons, Mr. Barnes' pending motions (Docs. #78, #83, #89, #91, #93, #96, #101, #102, #104, #105, #111, #113, and #124) are DENIED. However, Mr. Barnes' previous counsel are hereby ORDERED to provide Mr. Barnes a copy of his case file within 14 days from the entry of this Order and file a notice of compliance once they have done so.

It is so ORDERED.

JUL 1 2 2022
Date

The Honorable Alfred H. Bennett
United States District Judge